# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 01-4996

DAVID TOBIAS MAY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-93-180)

Submitted: May 28, 2002

Decided: June 14, 2002

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Christopher W. Stevens, WOOTEN & HART, P.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Sharon Burnham, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

David Tobias May appeals from his two convictions for violating his federal supervised release. On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the issue of whether the district court had jurisdiction to revoke May's term of supervised release because he was not given a preliminary hearing. May has filed a pro se supplemental brief alleging that he should have received credit for the time he served between his arrest for his supervised release violations and his revocation hearing. For the reasons that follow, we affirm.

First, May cannot complain that he did not receive a preliminary hearing as the record is uncontradicted that he specifically waived his right to such a hearing. Second, the district court lacked jurisdiction to order the Bureau of Prisons (BOP) to credit May with time he spent in custody. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (holding that district court is not authorized to compute credit at sentencing); *United States v. Hornick*, 815 F.2d 1156, 1160 (7th Cir. 1987) (noting that judge's direction to the BOP regarding sentencing credit merely advisory opinion). Accordingly, these claims fail.

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Thus, we deny counsel's pending motion to withdraw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*